IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| HARVEY PATRICK SHORT, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-3020 |
| | : | |
| DAVID BYRNE, *et al.*, | : | |
| *Defendants*. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                          **AUGUST 14, 2019**

Plaintiff Harvey Patrick Short, a prisoner who had been incarcerated at George W. Hill Correctional Facility ("GWH"), filed this lawsuit pursuant to 42 U.S.C. § 1983 along with a motion for leave to proceed *in forma pauperis*.[1] For the following reasons, the Court will grant Short leave to proceed *in forma pauperis*, dismiss one Defendant with prejudice for failure to state a claim, dismiss certain other Defendants without prejudice for failure to state a claim, and permit Short to file an amended complaint if he is able to cure the defects identified by the Court.

I[2]

Short was detained at GWH beginning on May 16, 2019. (ECF No. 2 at 9.) He alleges that he received a medical screening upon his commitment that was conducted

---

[1] Although at the time Short filed the Complaint he stated he was incarcerated at GWH, he filed a change of address on August 12, 2019 indicating that he is now housed at SCI Phoenix. (*See* ECF No. 6.)

[2] The allegations are taken from Short's Complaint. (*See* ECF No. 2.)

by Defendants Mariel[3] and Krester. (*Id.* at 10.) He told these Defendants he suffered from dental problems as well as high blood pressure, a seizure disorder, and mental health disorders, and that took medicine for his disorders. (*Id.*) He received blood pressure medicine on that day only. (*Id* at 10, 11.) He asserts these health care providers refused or failed to give him his prescribed medicine from the day he was admitted until June 19, 2019. (*Id.* at 10.) Short also contends a doctor issued a special needs permit due to his seizure disorder, instructing that he be housed on the lower tier of the cell block and in a bottom bunk, but Defendant Mike Moore knowingly and intentionally refused to honor the instruction. (*Id.* at 10-11.)

Short asserts that Defendant Tariff Hall falsely accused him of violating jail rules, leading to his being placed in solitary confinement. (*Id.* at 11.) He contends that Defendant Sergeant Davis denied him due process by not providing a disciplinary hearing. (*Id.*) Officer Kenney allegedly denied Short access to the law library because he was in solitary confinement. (*Id.* at 11-12.) He asserts that he had a non-frivolous legal action, as well as his criminal case, pending during this time.[4] (*Id.* at 14.) Mariel

---

[3] Short refers to Defendant Mariel as "Mariel, DOM." It is unclear from Short's Complaint whether "DOM" is Defendant Mariel's last name or an abbreviation. The Court will refer to her as "Defendant Mariel."

[4] During the period Short was in solitary confinement, *Short v. Webb*, Civil Action 18-4130, was proceeding in this Court. Defendants in that case filed a motion to dismiss Short's complaint on January 18, 2019. (ECF No. 14.) On May 7, 2019, Short was directed to answer the motion. (ECF No. 16.) After Short filed a change of address due to his incarceration at GWH (ECF No. 17), the Court ordered that he respond to the pending motion by July 12, 2019. (ECF No. 18.) Short filed his response on June 19, 2019. (ECF No. 22.) The motion remains pending.
    A review of public records shows that Short was arrested on May 15, 2019 on charges of possession of controlled substances, giving false information to police, retail theft and public drunkenness. *Commonwealth v. Short*, CP-23-CP-3208-2019 (C.C.P. Del. Cty.) He subsequently entered a guilty plea. During the period he was in solitary confinement he was represented by appointed counsel in his criminal case.

and Krester allegedly denied him dental care and his prescription medicine while he was in solitary confinement. (*Id.* at 12.) For three days he was denied toilet paper, clean sheets, clean clothing and locked down. (*Id.*)

Defendants Francis and Oscar, who are prison food service workers, are alleged to have denied Short adequate serving portions of food. (*Id.*) Short alleges that Defendant GEO Group, Inc. has a policy to provide inadequate food portions to force inmates to buy food from the commissary to satisfy themselves and that it gives monetary bonuses to Francis and Oscar to save it money on the costs of food. (*Id.* at 12, 13.) Pursuant to this policy, Francis and Oscar served Short spoiled meat patties. Finally, Short alleges that he informed Defendant Warden Byrne of the allegedly unconstitutional conditions, but Byrne refused to respond to his grievance. (*Id.* at 13.)

II

The Court grants Short leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

---

[5] However, as Short is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

Conclusory allegations do not suffice. *Id.* As Short is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

III

As noted above, Short brings his claims pursuant to § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A

Short has sued Warden Byrne on the ground that Short told him of the conditions under which he is confined but Byrne refused to respond to his grievance. (ECF No. 2 at 13.) Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process."

4

*Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the facts alleged by Short about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

To the extent that Short has sued Warden Byrne because he is a supervisor of other Defendants at GWH, that claim also fails. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Short does not allege that Byrne was personally involved in the acts of others about which he complains. Short's allegation that Byrne "knows of these unconstitutional conditions . . . but allows his subordinates to violate Plaintiff's constitutional rights" (ECF No. 2 at 13) fails to comply with Rule 8's requirement that Short provide enough information to put a defendant on sufficient notice to prepare a defense and also ensure that the Court is sufficiently informed to determine the issue. While Short's allegation against Defendant Byrne is too vague to satisfy Rule 8 or state a plausible claim, the Court

cannot say at this time that Short will never be able to state a plausible claim based on supervisor liability. Accordingly, although the claims against Byrne will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Short will be granted an opportunity to file an amended complaint to attempt to cure the defects the Court has identified.

B

GEO Group Inc., a private corporation under contract to provide services at George W. Hill Correctional Facility, may be liable under § 1983 if that entity's policies or customs caused the alleged constitutional violation. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (acknowledging that entity contracted to perform medical services for county jail is state actor for purposes of § 1983); *French v. GEO Grp., Inc.*, Civ. A. No. 18-4312, 2018 WL 4929859, at *2 (E.D. Pa. Oct. 10, 2018) ("The GEO Group acts under color of state law by providing services for the George W. Hill Correctional Facility."); *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *3, n.5 (E.D. Pa. Mar. 11, 2009) ("For purposes of Plaintiff's § 1983 claims, Defendant GEO Group, a private company, was acting under the color of state law since it provided daily functional services for the Delaware County Prison.").

To plead a claim against an entity like GEO Group, Inc., a plaintiff must allege that a policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. Specifically, a plaintiff must: (1) identify a policy or custom that deprived him of a federally protected right; (2) demonstrate that the defendant, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation; and (3) establish a direct causal link between the policy or custom and the plaintiff's injury. *Bd. of the Cty.*

6

*Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). In other words, to satisfy this pleading standard, the plaintiff must "specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff may successfully plead that a custom was the proximate cause of his injuries by alleging that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted). A plaintiff may also state a basis for liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, No. 16-4351, 2019 WL 2998601, at *8 (3d Cir. July 10, 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* Short's allegation that GEO Group has a policy to provide inadequate food portions in order to force inmates to buy food from the commissary to satisfy themselves, and that it gives monetary bonuses

7

to employees like Francis and Oscar to save it money on the costs of food, meets this standard.

C

Short's allegations about Hall consist of one sentence. He has sued Hall because Hall falsely accused him of violating jail rules, resulting in Short being placed in solitary confinement. This claim also fails to comply with Rule 8's requirement that Short provide enough information to put a defendant on sufficient notice to prepare a defense and also ensure that the Court is sufficiently informed to determine the issue. It too, accordingly, will be dismissed without prejudice and with leave granted to Short to file an amended complaint to more fully set forth his allegations against Hall.

D

Short's allegations about Sergeant Davis are equally terse. He claims that Davis denied him due process because Short was not provided with a disciplinary hearing. Short fails to allege how Sergeant Davis was responsible for this failure or any other facts that would put Davis on notice of how he allegedly violated Short's constitutional rights. This claim will also be dismissed without prejudice and with leave granted to file an amended complaint to attempt to satisfy the requirements of Rule 8.

E

Defendant Kenney allegedly denied Short access to the law library while he was in solitary confinement. "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). In other words, a prisoner claiming that he was denied access to the courts, for example

because he could not access the law library, must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id*. Furthermore, the right to access the courts may be satisfied if the plaintiff has an attorney. *Diaz*, 532 F. App'x at 63 (citing *Bounds v. Smith*, 430 U.S. 817, 831 (1977) and *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)); *see also Prater v. City of Phila.*, 542 F. App'x 135, 137 n.4 (3d Cir. 2013) (per curiam).

Short has failed to allege a plausible claim based upon Kenney's alleged barring him from access to the law library. While Short claims that he had a pending non-frivolous civil action, he has not provided any additional information about the nature of the civil claim or how he has been allegedly harmed. In his pending criminal proceeding, the public docket shows that he suffered no "injury" from the alleged denial of access. This Court granted him an extension of time to respond to the motion in his civil case and he actually did file his response on a timely basis. Because that motion remains pending, Short did not "lose" an arguable claim. He was also represented by counsel in his criminal case at the time he was in solitary and makes no allegation that he lost any arguable claim in that matter. Because this claim is not plausible, it will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii).

9

F

Short alleges that Mariel and Krester were deliberately indifferent to his serious medical needs because, from May 16, 2019 to June 19, 2019, they refused or failed to provide him with his medicine for his seizure disorder, high blood pressure and mental health disorder, and failed to address his dental issues. A prison official who is deliberately indifferent to a prisoner's serious medical needs may be liable under § 1983.[6] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse*

---

[6] As it appears that Short was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

*v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Short's deliberate indifference allegations against Mariel and Krester are sufficient to proceed at this time.

G

Short asserts that Moore, a classification counselor at GWH, failed to follow a special needs pass allegedly issued by a doctor directing that Short be housed on a lower tier and a bottom bunk. While, as stated, a prison official who is deliberately indifferent to a prisoner's serious medical needs may be liable under § 1983, Short fails to allege how, if at all, he was injured by Moore's actions. Accordingly, this claim will also be dismissed without prejudice and with leave to amend.

H

To support a plausible claim that prison officials were deliberately indifferent to an inmate's dietary needs, a prisoner must allege that the deprivation was objectively, sufficiently serious and that the prison officials acted with a sufficiently culpable state of mind. *See Farmer*, 511 U.S. at 832 (setting for deliberate indifference standard and holding that "prison officials must ensure that inmates receive adequate food"). Short's allegation against Oscar and Francis, namely that they denied him constitutionally adequate portions of food, is sufficient to allege a deliberate indifference claim and will proceed at this time.

I

Finally, to the extent that Short makes generalized allegations about the conditions of his confinement, for example that he was not provided with cleaning materials and had to clean his toilet with his hand, he has failed to attribute these

allegations to any specific Defendant. Accordingly, these allegations also fail to state a plausible claim and will be dismissed without prejudice and with leave to amend.

IV

For the foregoing reasons, the Court will dismiss Short's claims against Kenney with prejudice. The Court will dismiss Short's claims against Warden Byrne, Sergeant David, Officer Tariff Hall, and Mike Moore without prejudice and Short will be granted an opportunity to file an amended complaint if he can cure the defects the Court has identified about the claims against these Defendants. If Short decides not to pursue his other claims, only the claims against GEO Group, Inc., Mariel, Krester, Francis, and Oscar will proceed. An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**