IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY PATRICK SHORT,<br>    *Plaintiff*,<br> v.<br>MS. MARIEL, et al.,<br>    *Defendants*. | CIVIL ACTION<br>NO. 19-3020 |

**PAPPERT, J.**                                   May 7, 2020

**MEMORANDUM**

  Serial *pro se* Plaintiff Harvey Patrick Short complains most recently about medical care and food he received while he was a pretrial detainee. (Compl., ECF No. 2.) Defendants Ms. Mariel, Mr. Francis and GEO Group, Inc. seek to dismiss his claims against them. (Defs.' Mot., ECF No. 17.) The Court grants their motion in part and denies it in part.

I

A

  Short, proceeding *in forma pauperis*, filed a Complaint against GEO Group, Mariel, Francis, Krester, Mr. Oscar, David Byrne, Sergeant Davis, Officer Tariff Hall, Mike Moore and Officer Kenney. The Court screened it pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed his claim against Officer Kenney with prejudice and dismissed his claims without prejudice as to Byrne, Davis, Hall and Moore. *Short v. Byrne*, No. 19-3020, 2019 WL 3841800 (E.D. Pa. Aug. 8, 2019); *see also* ECF No. 8 at ¶¶ 5-6. Short then told the Court he intended to proceed only with his remaining claims against GEO

Group, Mariel, Krester, Francis and Oscar.[1] (ECF No. 9.) After waiving service, GEO Group, Mariel and Francis filed their motion to dismiss. Short filed a response. (Pl.'s Resp., ECF No. 20.)

B

In the claims Short continues to pursue, which he brings pursuant to 42 U.S.C. § 1983, he alleges Defendants violated his constitutional rights by providing inadequate medical care and food while he was a pretrial detainee at George W. Hill Correctional Facility between May 16, 2019 and August 6, 2019. (Compl. at 9.[2]). He seeks injunctive relief requiring "dental care, a safe living environment for his seizure condition and adequate and nutritious meals." (*Id.* at 15.) He also asks for $100,000 in compensatory damages, $50,000 in punitive damages and $500 in nominal damages from each Defendant.[3] (*Id.*)

Short alleges Mariel and Krester supervised unnamed nurses who refused to provide him with medical care and/or medication. (*Id.* at 10, ¶¶ 3-5.) He also alleges Mariel and Krester refused or failed to provide him "with his life sustaining

---

[1] Although summonses were issued for Krester and Oscar, they were returned unexecuted because neither still works at George W. Hill. (ECF No. 21.) Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Short's Complaint was filed on July 11, 2019, more than ninety days ago. If he does not serve Krester and Oscar by June 29, 2020, his claims against them will be dismissed without prejudice for lack of prosecution.

[2] Citations to Short's Complaint refer to page numbers using the ECF pagination system.

[3] "[N]o pleading asserting a claim for unliquidated damages shall contain any allegation as to the specific dollar amount claimed, but such pleadings shall contain allegations sufficient to establish the jurisdiction of the Court." E.D. Pa. Local R. Civ. P. 5.1.1. Because the Court's jurisdiction in this case is based on the existence of a federal question, Short need not plead a specific amount-in-controversy and any amended complaint shall not request a specified amount of damages.

2

med[ications] for blood pressure until [June 19, 2019]" and that without his medications "he suffered chest pains, headaches, blurred vision, fatigue, and mental distress." (*Id.* at ¶¶ 5-6.) Short claims he was denied his psychiatric medications from May 16, 2019 to June 5, 2019, while "he suffered from depression, mental distress, anxiety, and shock." (*Id.* at 10, ¶ 7.) In addition, he claims that when he arrived at the facility, he informed unnamed nurses and Mariel and Krester that he had "a broken tooth and filling which causes him extreme pain" and that "he was not provided with dental services despite his requests." (*Id.* at 11 ¶ 12.)

Francis and Oscar allegedly served Short "'inadequate' portions on the food trays" as part of a "pattern and practice" to "force inmates to buy food out of commissary" in order to get "monetary bonuses" and "to save GEO Group, Inc. money on the costs of food." (*Id.* at 12, ¶ 14; *see also id.* at 14, ¶ 24.) Also, Short alleges "Francis and Oscar had rotten or spoiled meat patties cooked and served to the Plaintiff and all other inmates." (*Id.* at 12, ¶ 14.) He alleges he sustained injuries including "hunger" and claims the allegedly spoiled meat caused "sickness and poor health." (*Id.* at p. 14-15.) Short contends the deprivations he alleges are "GEO Group's policy and practice" and GEO Group, Inc. corporate staff knows about them "but allows them in order to save money." (*Id.* at 13, ¶ 19.)

## II

To satisfy Rule 12(b)(6) of the Federal Rules of Civil Procedure, Short's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when

the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). As Short is proceeding *pro se*, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

When the Complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

### III

### A

Short believes the motion to dismiss lacks merit because the Court allowed his claims against Francis, Oscar, Mariel, Krester and GEO Group, Inc. to proceed after screening pursuant to 28 U.S.C. § 1915(e)(2)(B). (Pl.'s Resp. at 2-3.) The Court applied the same standard when it evaluated Short's Complaint under § 1915(e)(2)(B)(ii) as it does when evaluating whether it states a claim under Rule 12(b)(6). *See Allah v.*

*Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  The Court may revisit the sufficiency of Short's allegations; the Defendants can file a motion to dismiss any claims that withstand the Court's preliminary screening.  *See, e.g.*, *Moore v. Middlesex Cnty. Prosecutors Office*, 738 F. App'x 100, 102 (3d Cir. 2018) (noting district court dismissed claim under Rule 12(b)(6) after allowing it to proceed beyond § 1915A screening); *see also Talley v. Ionata*, No. 19-1723, 2020 WL 815082, at *1 n.4 (E.D. Pa. Feb. 19, 2020) ("Defendants may move to dismiss any claims that survive the court's preliminary screening.").

B

Defendants ask the Court to dismiss Short's claims against GEO Group, arguing he has not shown any alleged violations of his rights stemmed from a GEO Group policy or custom or its failure to train its employees.  (ECF No. 17 at 6-10.)  Short may proceed with his claims against GEO group to the extent that he has alleged a "'a direct causal link between a . . . policy or custom and the alleged constitutional deprivation.'"  *Regan v. Upper Darby Twp.*, 363 F. App'x 917, 922 (3d Cir. 2010) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).  He must "specify what exactly that custom or policy was."  *McTernan v. City of York, PA*, 564 F.3d 636, 658-59 (3d Cir. 2009).

The Court previously held Short sufficiently alleged a claim against GEO Group insofar as he alleged that GEO Group:  (1) has a policy to provide inadequate food portions in order to force inmates to buy food from the commissary; and (2) gives monetary bonuses to employees like Francis and Oscar to skimp on the costs of food.  *Short*, 2019 WL 3841800, at *3.  His claim against GEO Group arising from its alleged policy to provide inmates with inadequate nutrition or spoiled food in order to save

money may proceed.

Short's claim against GEO Group for an alleged denial of medical treatment fails.  He does not identify Mariel or Krester as GEO Group employees and he does not allege they would receive bonuses from GEO Group for cost-savings incurred from the denial of any medical care.  Short "provides no factual details regarding the existence, scope or application of the [medical care] policies, practices, procedures or customs that he claims give rise to his claims."  *Wagner v. Cnty. of Montgomery*, No. 10-2513, 2014 WL 4384493, at *7 (E.D. Pa. Sept. 4, 2014).  He alleges no facts to suggest that any GEO Group decisionmaker implemented or was aware of Mariel and Krester's alleged actions.  His allegation that "GEO Group, Inc. corporate staff . . . knows about the deprivations that is employees are committing at this facility but allows them in order to save money" (Compl. at 13, ¶ 19) is not sufficiently specific to support a reasonable inference that GEO Group had a medical treatment policy, practice or custom that caused Mariel or Krester's alleged violation of his constitutional rights.  *See also Abraham v. Diguglielmo*, No. 06-0058, 2010 WL 2136600, at *5 (E.D. Pa. May 25, 2010) ("Specific details of the allegedly injurious policies are not necessary at this stage, but more is required than the bald statement that an injurious policy exists.").

C

1

Short's prison conditions claims are governed by the Fourteenth Amendment because he was a pretrial detainee.  "Due process requires that a pretrial detainee not be punished.  A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment."  *Bell v.*

*Wolfish,* 441 U.S. 520, 537 (1979); *see also Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008) ("In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee.") "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). To withstand dismissal, Short must allege facts showing an "'express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (quoting *Stevenson* 495 F.3d at 68).

2

Defendants move to dismiss Short's food-related claims because he "does not specifically identify what constitutes 'inadequate' and does not identify any food missing from any of his meals" and only "generally claims that he was served with spoiled food, but does not give any specific dates or facts to support this claim." (Defs.' Mem. at 4-5.). "[H]umane conditions of confinement" include receiving "adequate food." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Court previously held that Short could proceed with his claim that Oscar and Krester were deliberately indifferent to his dietary needs, *Short*, 2019 WL 3841800, at *5, and reaches the same conclusion again. He alleged he was left hungry when Oscar and Krester, incentivized by monetary bonuses, denied him adequate portions of food. His allegations "show[ ] both an objective component (that the deprivation was sufficiently serious) and a subjective component (that the officials acted with a sufficiently culpable state of mind)." *Duran*

7

*v. Merline*, 923 F. Supp.2d 702, 719-20 (D.N.J. 2013) (citing *Stevenson*, 495 F.3d at 68); *cf. Williams v. Ann Klein Forensic Ctr.*, No. 18-9606, 2020 WL 614657, at *8 (D.N.J. Feb. 10, 2020) (allowing the plaintiff's claim to proceed where he alleged "he was given extremely small portions of food to the point of starvation while detained," he informed corrections staff about the "the food portions he was receiving" and was told to "shut the f**k up").

3

Defendants contend Short has not sufficiently alleged that any Defendant was deliberately indifferent to his medical needs. (Defs.' Mem. at 11-14.) However, as the Court found before, his allegations against Mariel and Krester are enough for his claims to proceed to discovery. *See Short*, 2019 WL 3841800, at *4. Short's medical treatment claim is analyzed under the standard for similar claims under the Eighth Amendment. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). At this stage of the litigation, Short may make this showing by alleging that Defendants "intentionally den[ied] or delay[ed] medical care." *Id.* (quotation marks omitted). He alleges that from May 16, 2019 to June 19, 2019, he suffered from high blood pressure, headaches, chest pains, blurred vision, fatigue, mental distress, depression and anxiety because Mariel and Krester refused or failed to provide him with medicine for a seizure disorder, high blood pressure and his mental health and failed to address his dental issues even though he told Mariel and Krester about his underlying medical conditions. (*See* Compl. at 10, 15.)

IV

Federal Rule of Civil Procedure 15(a)(2) states that the Court "should freely give leave [to amend] when justice so requires." "This certainly includes amendment to cure defective allegations." *Shifflett v. Korszniak*, 934 F.3d 356, 366 (3d Cir. 2019) (citing 6 Wright & Miller, Federal Practice and Procedure: Civil § 1474 (3d ed. 2019)).  Short's medical care claim against GEO Group is dismissed without prejudice to amendment if he can allege enough facts to state a plausible claim for relief.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.